Matter of Bryan v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2023 NY Slip Op 06434)

Matter of Bryan v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2023 NY Slip Op 06434

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Index No. 156220/22 Appeal No. 1222 Case No. 2023-00304 

[*1]In the Matter of Amoura Bryan, Petitioner-Appellant,
v
The Board of Education of the City School District of the City of New York et al., Respondents-Respondents.

Jimmy Wagner, Brooklyn, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondents.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered December 7, 2022, which, upon reargument, adhered to its prior order, which, among other things, denied the petition to annul the determination of respondents, dated March 28, 2022, denying petitioner's request for a religious exemption from the COVID-19 vaccination requirement for employees of the New York City Department of Education, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner has failed to demonstrate that the determination was arbitrary and capricious or made in violation of lawful procedure (CPLR 7803[3]). The City of New York Reasonable Accommodation Appeals Panel (the Citywide Panel) had a rational basis for finding that petitioner "failed to establish that [her] objection to receiving any of the COVID-19 vaccines was based on a sincerely held religious belief" (Matter of Hogue v Board of Educ. of City School Dist. of City of New York, 220 AD3d 416 [1st Dept 2023]). Among other things, in response to questions posed by the Citywide Panel, petitioner failed to clarify whether she had refused to take any other vaccines or medication based on her religious beliefs (see id. at 416; Matter of Marsteller v City of New York, 217 AD3d 543, 544 [1st Dept 2023]).
We reject petitioner's argument that respondents failed to engage in a cooperative dialogue (see id. at 545).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023